IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KASSANDRA HENZE and KALEB SHIELDS,  Plaintiffs,  vs.  MOHAVE TRANSPORTATION INSURANCE COMPANY, an Arizona Corporation, and TAMIRAT ERICHAFO,  Defendants. | Case No: 18 __2107__ |

## NOTICE OF REMOVAL

Defendant, MOHAVE TRANSPORTATION INSURANCE COMPANY, by and through its attorneys, Matthew S. Hefflefinger and Tyler J. Pratt of HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the cause of action styled, *Kassandra Henze and Kaleb Shields v. Mohave Transportation Insurance Co., an Arizona Corporation, and Tamrat Erichafo*, Case No. 2018 L 000037, originally filed and now pending in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois, from said Circuit Court to the United States District Court for the Central District of Illinois, Urbana Division. In support of its Notice of Removal, Defendant states as follows:

1.      Plaintiffs, Kassandra Henze and Kaleb Shields, filed a Complaint against Defendants, Mohave Transportation Insurance Company ("Mohave Transportation") and

Tamirat Erichafo, on March 2, 2018. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2. Service of summons was completed upon Defendant Mohave Transportation on March 16, 2018. A copy of the Return is attached hereto as Exhibit B. Defendant Erichafo has yet to be served in this matter.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as Defendant Mohave Transportation is filing it within 30 days of receipt by service of the Complaint in this matter.

4. In addition, because Defendant Erichafo has not yet been served, this Notice of Removal is in full compliance with the requirements of 28 U.S.C. §1446(b)(2)(A), as "all defendants who have been properly joined and served" have joined in the removal of this action. *See Howard v. Riley,* No. 13-cv-1231, 2013 U.S. Dist. LEXIS 115526, at *2-3 (C.D. Ill. June 26, 2013) ("a named defendant that was not properly served prior to the filing of the notice of removal does not need to consent to the removal"); *see also P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Eltman v. Pioneer Communications of America, Inc.*, 151 F.R.D. 311, 314 (N.D. Ill. 1993).

5. At the time the action was commenced and since then, Plaintiff Kassandra Henze was and is a natural person and a citizen of the State of Florida.

6. At the time the action was commenced and since then, Plaintiff Kaleb Shields was and is a natural person and a citizen of the State of Florida.

7. Defendant Tamirat Erichafo was and is a natural person and a citizen of the State of Georgia.

8. Defendant Mohave Transportation is a corporation organized under the laws of the State of Arizona with its principal place of business in Arizona, thereby making it a citizen of Arizona pursuant to 28 U.S.C. § 1332.

9. Plaintiffs' four-count Complaint prays that the Court enter a judgment on each Plaintiff's behalf and against each Defendant, "in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus [their] costs of suit and any other relief that the Court deems equitable and just." Exhibit A.

10. Notwithstanding this prayer, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). If the plaintiff, "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

11. This is a personal injury action in which Plaintiffs' alleged injuries arise out of a vehicle collision with a tractor trailer. Plaintiffs have each alleged that they "suffered serious and permanent personal injuries to [his/her] person." Exhibit A at ¶ 12. Attached hereto as Exhibit C is a settlement demand letter wherein Plaintiff Kassandra Henze has demanded that Mohave Transportation settle this matter for $160,000.00. Attached

hereto as Exhibit D is a settlement demand letter wherein Plaintiff Kaleb Shields has demanded that Mohave Transportation settle this matter for $85,000.00.

12. Viewing these settlement demand letters in conjunction with the facts and claims alleged in Plaintiffs' Complaint, Defendant Mohave Transportation holds a good-faith belief that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and that its belief is plausible and supported by a preponderance of the evidence. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (holding that a removing defendant can rely upon a plaintiff's initial settlement demand to establish diversity jurisdiction and explaining that a pre-discovery estimate of a case's worth "is close in spirit to the *ad damnum* in a complaint").

13. Pursuant to 28 U.S.C. § 1332, there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. Accordingly, this Court has original jurisdiction over this matter. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

14. This action is currently pending in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois. Pursuant to 28 U.S.C. 1441(a), removal to the United States District Court for the Central District of Illinois, Urbana Division, is proper.

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been served upon Defendant Mohave Transportation in the removed case are attached to this Notice of Removal. Exhibits A, B.

16. Defendant Mohave Transportation will provide written notice hereof to all adverse parties and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Champaign County, Illinois, as required under 28 U.S.C. § 1446(d).

**DEFENDANT DEMANDS TRIAL BY JURY.**

                                      MOHAVE TRANSPORTATION
                                      INSURANCE COMPANY, Defendant

                              BY: /s/     Matthew S. Hefflefinger
                              Matthew S. Hefflefinger, ARDC # 6201281
                                Tyler J. Pratt, ARDC # 6302780
                              HEYL, ROYSTER, VOELKER & ALLEN

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
Telephone: 309.676.0400
Facsimile: 309.676.3374
Primary E-mail: peoecf@heylroyster.com
Secondary E-mail # 1: mhefflefinger@heylroyster.com
Secondary E-mail # 2: clsmith@heylroyster.com

*and*

HEYL, ROYSTER, VOELKER & ALLEN
301 N. Neil Street, Suite 505
P.O. Box 1190
Champaign, IL 60602
Telephone: 217.344.0600
Facsimile: 217.344.9295
Primary E-mail: tpratt@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and have sent notification of such filing to the following attorneys for Plaintiff via email:

Miranda L. Soucie, Esq.
Spiros Law, P.C.
2807 N. Vermilion, Suite 3
Danville, IL 61832
217.443.4343
msoucie@spiroslaw.com

/s/     Matthew S. Hefflefinger_____

JRS
33974342_1