E-FILED
Friday, 13 April, 2018 03:29:54 PM
Clerk, U.S. District Court, ILCD

FILED

SIXTH JUDICIAL CIRCUIT
3/2/2018 9:18 AM
By: JH

*Katie M. Blederman*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

KASSANDRA HENZE, and              )
KALEB SHIELDS                     )
                                  )
                                  )    2018L 000037
            Plaintiffs,           )
                                  )
    vs.                           )    No. 2018-L-_____
                                  )    Jury Demand
MOHAVE TRANSPORTATION             )
INSURANCE CO.,                    )
an Arizona Corporation, and       )
TAMIRAT ERICHAFO,                 )
                                  )
            Defendants.           )

**COMPLAINT AT LAW**
**COMMON ALLEGATIONS**

1.      That on or about September 12, 2016, Defendant, TAMIRAT ERICHAFO, was
operating a semi-truck and trailer traveling northbound on IL Route 47 near the intersection of
US Route 136 in Newcomb Township, Champaign County, Illinois.

2.      That at all times relevant, Defendant, TAMIRAT ERICHAFO, was operating the
aforementioned semi-truck and trailer as an agent and/or employee of Defendant, MOHAVE
TRANSPORTATION INSURANCE CO., an Arizona Corporation (hereinafter "TRANSPORT CO.").

3.      That on or about September 12, 2016, Plaintiff, KALEB SHIELDS was operating a
motor vehicle traveling southbound on IL Route 47 near the intersection of US Route 136 in
Newcomb Township, Champaign County.

4.      At all times relevant, Plaintiff, KASSANDRA HENZE, was a passenger in the
aforementioned vehicle being operated by Plaintiff, KALEB SHIELDS.

EXHIBIT A

5.     At all times relevant, IL Route 47 and US Route 136 were paved public roadways located in Newcomb Township, Champaign County, Illinois.

6.     That on or about September 12, 2016, the intersection of IL Route 47 and US Route 136 was controlled by a four way stop.

7.     That on or about September 12, 2016, a collision occurred between the semi-truck and trailer being operated by the Defendant, TAMIRAT ERICHAFO, and the vehicle being operated by the Plaintiff, KALEB SHIELDS.

8.     That the Defendant, TAMIRAT ERICHAFO, at said time and place, operated the aforementioned semi-truck and trailer in such a manner so as to cause the collision between the two vehicles.

9.     That on or about September 12, 2016, Plaintiff, KALEB SHIELDS, was operating his vehicle in a prudent and careful manner.

## COUNT I
## HENZE v. TRANSPORT CO

NOW COMES the Plaintiff, KASSANDRA HENZE, by and through her attorneys, Spiros Law, P.C., and for her Complaint against the Defendant, TRANSPORT CO., alleges and states as follows:

1-9.     That Plaintiff herein repeats and re-alleges paragraphs 1 through 9 of Common Allegations as paragraphs 1 through 9 of Count I, and hereby incorporates them as though fully, set forth herein.

10.     Defendant, TRANSPORT CO., had a duty, by and through its employees and/or agents, including TAMIRAT ERICHAFO, to operate its semi-truck and trailer with due care and in such a manner so as not to cause injury or damage to other individuals lawfully on the roadway, including to KASSANDRA HENZE.

11.     That in violation of the aforementioned duties, Defendant, TRANSPORT CO., by

and through its employee and/or agent, Defendant, TAMIRAT ERICHAFO, was guilty of one or

more of the following acts and/or omissions constituting negligence:

a.    Failed to observe a stop sign, a violation of 625 ILCS 5/11-904;
b.    Failed to stop before entering an intersecting roadway, in violation of 625 ILCS 5/11-904(c);
c.    Failed to decrease the speed of the semi-truck and trailer as necessary to avoid colliding with any person or vehicle on the roadway, in violation of 625 ILCS 5/11-601;
d.    Approached and entered an intersection at a speed greater than was reasonable and proper, with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;
e.    Failure to yield right of way at an intersection, in violation of 625 ILCS 5/11-901
f.    Failed to slow to a speed reasonable for the existing traffic conditions, in violation of 625 ILCS 5/11-904(c);
g.    Disregarding stop or yield sign at an intersection, in violation of 625 ILCS 5/11-1204;
h.    Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed;
i.    Failed to stop the semi-truck and trailer in time to avoid a collision, when it, by and through its employee and/or agent, TAMIRAT ERICHAFO, saw or should have seen that a collision was impending and had ample time and opportunity to avoid it; and/or
j.    Carelessly and negligently failed to take proper evasive action in order to avoid a collision with another motor vehicle with the right-of-way.

12.     As a direct and proximate result of the foregoing careless and negligent acts or

omissions on the part of the Defendant, TRANSPORT CO., by and through its employee and/or

agent, Defendant, TAMIRAT ERICHAFO, the Plaintiff, KASSANDRA HENZE, then and there suffered

serious and permanent personal injuries to her person. Plaintiff sustained pain and suffering and

continues to sustain pain and suffering, incurred medical expenses and will incur future medical

expenses. Plaintiff has been, and will be, hindered and prevented from attending to her usual

duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned.

13.     That at the time of the events described herein, Plaintiff, KASSANDRA HENZE, was

gainfully employed and as a further proximate result of the negligence of Defendant, Plaintiff was

prevented from attending to her usual occupation and has been damaged by the exact amount

of which is unknown at the present.

WHEREFORE, the Plaintiff, KASSANDRA HENZE, respectfully prays that the Court enter a

judgment on her behalf, against the Defendant, TRANSPORT CO., in an amount in excess of Fifty

Thousand Dollars ($50,000.00), plus her costs of suit and any other relief that the Court deems

equitable and just.

## COUNT II
## HENZE v. ERICHAFO

NOW COMES the Plaintiff, KASSANDRA HENZE, by and through her attorneys, Spiros Law,

P.C., and for her Complaint against the Defendant, TAMIRAT ERICHAFO, alleges and states as

follows:

1-9.    That Plaintiff herein repeats and re-alleges paragraphs 1 through 9 of Common

Allegations as paragraphs 1 through 9 of Count II, and hereby incorporates them as though fully

set forth herein.

10.     That at all times relevant, Defendant, TAMIRAT ERICHAFO, had a duty to operate

the semi-truck and trailer with due care and in such a manner so as to not cause injury or damage

to other individuals lawfully on the roadway, including to Plaintiff, KASSANDRA HENZE.

11.     That in violation of the aforementioned duties, Defendant, TAMIRAT ERICHAFO,

was guilty of one or more of the following acts and/or omissions constituting negligence:

a.    Failure to observe a stop sign, a violation of 625 ILCS 5/11-904;

b.    Failed to stop before entering an intersecting roadway, in violation of 625 ILCS 5/11-904(c);

c.    Failed to decrease the speed of the semi-truck and trailer as necessary to avoid colliding with any person or vehicle on the roadway, in violation of 625 ILCS 5/11-601;

d.    Approached and entered an intersection at a speed greater than was reasonable and proper, with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

e.    Failure to yield right of way at an intersection, in violation of 625 ILCS 5/11-901;

f.    Failed to slow to a speed reasonable for the existing traffic conditions, in violation of 625 ILCS 5/11-904(c);

g.    Disregarding stop or yield sign at an intersection, in violation of 625 ILCS 5/11-1204;

h.    Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed;

i.    Failed to stop the semi-truck and trailer in time to avoid a collision, when it, by and through its employee and/or agent, TAMIRAT ERICHAFO, saw or should have seen that a collision was impending and had ample time and opportunity to avoid it; and/or

j.    Carelessly and negligently failed to take proper evasive action in order to avoid a collision with another motor vehicle with the right-of-way.

12.    As a direct and proximate result of the foregoing careless and negligent acts or omissions on the part of the Defendant, TAMIRAT ERICHAFO, the Plaintiff, KASSANDRA HENZE, then and there suffered serious and permanent personal injuries to her person.  Plaintiff sustained pain and suffering and continues to sustain pain and suffering, incurred medical expenses and will incur future medical expenses.  Plaintiff has been, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned.

13.    That at the time of the events described herein, Plaintiff, KASSANDRA HENZE, was gainfully employed and as a further proximate result of the negligence of Defendant, Plaintiff was prevented from attending to her usual occupation and has been damaged by the exact amount of which is unknown at the present.

WHEREFORE, the Plaintiff, KASSANDRA HENZE, respectfully prays that the Court enter a judgment on her behalf, against the Defendant, TAMIRAT ERICHAFO, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus her costs of suit and any other relief that the Court deems equitable and just.

## COUNT III
## SHIELDS v. TRANSPORT CO.

NOW COMES the Plaintiff, KALEB SHIELDS, by and through his attorneys, Spiros Law, P.C., and for his Complaint against the Defendant, TRANSPORT CO., an Arizona Corporation, alleges and states as follows:

1-9.    That Plaintiff herein repeats and re-alleges paragraphs 1 through 9 of Common Allegations as paragraphs 1 through 9 of Count III, and hereby incorporates them as though fully set forth herein.

10.    Defendant, TRANSPORT CO., had a duty, by and through its employees and/or agents, including TAMIRAT ERICHAFO, to operate its semi-truck and trailer with due care and in such a manner so as not to cause injury or damage to other individuals lawfully on the roadway, including to KALEB SHIELDS.

11.    That in violation of the aforementioned duties, Defendant, TRANSPORT CO., by and through its employee and/or agent, Defendant, TAMIRAT ERICHAFO, was guilty of one or more of the following acts and/or omissions constituting negligence:

a.    Failure to observe a stop sign, a violation of 625 ILCS 5/11-904;

b.    Failed to stop before entering an intersecting roadway, in violation of 625 ILCS 5/11-904(c);

c.    Failed to decrease the speed of the semi-truck and trailer as necessary to avoid colliding with any person or vehicle on the roadway, in violation of 625 ILCS 5/11-601;

d.    Approached and entered an intersection at a speed greater than was reasonable and proper, with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

e.    Failure to yield right of way at an intersection, in violation of 625 ILCS 5/11-901;

f.    Failed to slow to a speed reasonable for the existing traffic conditions, in violation of 625 ILCS 5/11-904(c);

g.    Disregarding stop or yield sign at an intersection, in violation of 625 ILCS 5/11-1204;

h.    Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed;

i.    Failed to stop the semi-truck and trailer in time to avoid a collision, when it, by and through its employee and/or agent, TAMIRAT ERICHAFO, saw or should have seen that a collision was impending and had ample time and opportunity to avoid it; and/or

j.    Carelessly and negligently failed to take proper evasive action in order to avoid a collision with another motor vehicle with the right-of-way.

12.    As a direct and proximate result of the foregoing careless and negligent acts or omissions on the part of the Defendant, TRANSPORT CO., by and through its employee and/or agent, Defendant, TAMIRAT ERICHAFO, the Plaintiff, KALEB SHIELDS, then and there suffered serious and permanent personal injuries to his person. Plaintiff sustained pain and suffering and continues to sustain pain and suffering, incurred medical expenses and will incur future medical expenses. Plaintiff has been, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned.

13.    That at the time of the events described herein, Plaintiff, KALEB SHIELDS, was gainfully employed and as a further proximate result of the negligence of Defendant, Plaintiff was prevented from attending to his usual occupation and has been damaged by the exact amount of which is unknown at the present.

WHEREFORE, the Plaintiff, KALEB SHIELDS, respectfully prays that the Court enter a judgment on his behalf, against the Defendant, TRANSPORT CO, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus his costs of suit and any other relief that the Court deems equitable and just.

## COUNT IV
### SHIELDS v. ERICHAFO

NOW COMES the Plaintiff, KALEB SHIELDS, by and through his attorneys, Spiros Law, P.C., and for his Complaint against the Defendant, TAMIRAT ERICHAFO, alleges and states as follows:

1-9.    That Plaintiff herein repeats and re-alleges paragraphs 1 through 9 of Common Allegations as paragraphs 1 through 9 of Count IV, and hereby incorporates them as though fully set forth herein.

10.    That at all times relevant, Defendant, TAMIRAT ERICHAFO, had a duty to operate the semi-truck and trailer with due care and in such a manner so as to not cause injury or damage to other individuals lawfully on the roadway, including to Plaintiff, KALEB SHIELDS.

11.    That in violation of the aforementioned duties, Defendant, TAMIRAT ERICHAFO, was guilty of one or more of the following acts and/or omissions constituting negligence:

a.    Failure to observe a stop sign, a violation of 625 ILCS 5/11-904;
b.    Failed to stop before entering an intersecting roadway, in violation of 625 ILCS 5/11-904(c);
c.    Failed to decrease the speed of the semi-truck and trailer as necessary to avoid colliding with any person or vehicle on the roadway, in violation of 625 ILCS 5/11-601;
d.    Approached and entered an intersection at a speed greater than was reasonable and proper, with regard to traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601;

e.     Failure to yield right of way at an intersection, in violation of 625 ILCS 5/11-901;

f.     Failed to slow to a speed reasonable for the existing traffic conditions, in violation of 625 ILCS 5/11-904(c);

g.     Disregarding stop or yield sign at an intersection, in violation of 625 ILCS 5/11-1204;

h.     Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed;

i.     Failed to stop the semi-truck and trailer in time to avoid a collision, when it, by and through its employee and/or agent, TAMIRAT ERICHAFO, saw or should have seen that a collision was impending and had ample time and opportunity to avoid it; and/or

j.     Carelessly and negligently failed to take proper evasive action in order to avoid a collision with another motor vehicle with the right-of-way.

12.     As a direct and proximate result of the foregoing careless and negligent acts or omissions on the part of the Defendant, TAMIRAT ERICHAFO, the Plaintiff, KALEB SHIELDS, then and there suffered serious and permanent personal injuries to his person. Plaintiff sustained pain and suffering and continues to sustain pain and suffering, incurred medical expenses and will incur future medical expenses. Plaintiff has been, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time as aforementioned.

13.     That at the time of the events described herein, Plaintiff, KALEB SHIELDS, was gainfully employed and as a further proximate result of the negligence of Defendant, Plaintiff was prevented from attending to his usual occupation and has been damaged by the exact amount of which is unknown at the present.

WHEREFORE, the Plaintiff, KALEB SHIELDS, respectfully prays that the Court enter a judgment on his behalf, against the Defendant, TAMIRAT ERICHAFO, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus his costs of suit and any other relief that the Court deems equitable and just.

KASSANDRA HENZE and
KALEB SHIELDS, Plaintiffs

By: /s/Miranda L. Soucie
Of Spiros Law, P.C.

\

Miranda L. Soucie, No. 6304049
msoucie@spiroslaw.com
Spiros Law, P.C.
2807 N. Vermilion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343

FILED
SIXTH JUDICIAL CIRCUIT
3/2/2018 9:18 AM
By: JH

Katie M. Bledsoe
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

KASSANDRA HENZE, and )
KALEB SHIELDS )
) **2018L 000037**
Plaintiffs, )
)
vs. ) No. 2018-L-_____
) Jury Demand
MOHAVE TRANSPORTATION )
INSURANCE CO., )
an Arizona Corporation, and )
TAMIRAT ERICHAFO, )
)
Defendants. )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

I, MIRANDA L. SOUCIE, attorney representing the Plaintiffs in the above entitled matter,

being first duly sworn on oath, depose and state as follows:

1.    That I am the Plaintiffs' Attorney in the above entitled cause.

2.    That I have reviewed the facts and discussed the circumstances surrounding this

cause of action with my clients, and based upon said discussions have reason to believe this

cause of action to maintain a value in excess of Fifty Thousand Dollars ($50,000.00).

AFFIANT FURTHER SAYETH NAUGHT.

Miranda L. Soucie

Subscribed and sworn to before
me this 2nd day of March, 2018.

Ellen Bowen
Notary Public

"OFFICIAL SEAL"
ELLEN BOWEN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 08/24/2020

FILED
SIXTH JUDICIAL CIRCUIT
3/2/2018 9:18 AM
By: JH

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

KASSANDRA HENZE, and          )
KALEB SHIELDS                 )
                              )          2018L 000037
              Plaintiffs,     )
                              )
    vs.                       )          No. 2018-L-_____
                              )          Jury Demand
MOHAVE TRANSPORTATION         )
INSURANCE CO.,                )
an Arizona Corporation, and   )
TAMIRAT ERICHAFO,             )
                              )
              Defendants.     )

**JURY DEMAND**

Plaintiffs, KASSANDRA HENZE and KALEB SHIELDS, do hereby request a trial by jury.

                    KASSANDRA HENZE and
                    KALEB SHIELDS, Plaintiffs


                    By: /s/Miranda L. Soucie
                        Of Spiros Law, P.C.


Miranda L. Soucie, No. 6304049
msoucie@spiroslaw.com
Spiros Law, P.C.
2807 N. Vermilion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343