IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| KASSANDRA HENZE and KALEB SHIELDS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No: 18 2107 |
| vs. | ) ) | |
| SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Foreign Corporation, and TAMIRAT ERICHAFO, | ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC., by Matthew S. Hefflefinger and Tyler J. Pratt, of HEYL, ROYSTER, VOELKER & ALLEN, and for its Answer to Plaintiffs' First Amended Complaint at Law, states as follows:

**COMMON ALLEGATIONS**

1. Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits that Tamirat Erichafo was operating a semi-truck and trailer and was a statutory employee operating in the course and scope of his statutory employment pursuant to 49 CFR 390.5 at or about the time of the accident.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant denies the allegations contained in Paragraph 8.

9. Defendant denies the allegations contained in Paragraph 9.

## **COUNT I – HENZE V. SWIFT TRANSPORTATION**

1-9. Defendant, Swift Transportation Co. of Arizona, LLC, repeats and realleges the responses to Paragraphs 1-9 of the Common Allegations as and for its responses to Paragraph 1-9 of Count I as if the same were fully set forth herein.

10. Defendant admits the allegations contained in Paragraph 10.

11. Defendant, Swift Transportation, admits that it had a duty to exercise reasonable and ordinary care but denies any violation of said duty and further denies the remaining allegations of Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

    (a) Defendant denies the allegations contained in Paragraph 12(a).

    (b) Defendant denies the allegations contained in Paragraph 12(b).

    (c) Defendant denies the allegations contained in Paragraph 12(c).

    (d) Defendant denies the allegations contained in Paragraph 12(d).

    (e) Defendant denies the allegations contained in Paragraph 12(e).

    (f) Defendant denies the allegations contained in Paragraph 12(f).

    (g) Defendant denies the allegations contained in Paragraph 12(g).

    (h) Defendant denies the allegations contained in Paragraph 12(h).

    (i) Defendant denies the allegations contained in Paragraph 12(i).

(j) Defendant denies the allegations contained in Paragraph 12(j).

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

WHEREFORE, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, prays that judgment be entered in its favor and against the Plaintiffs and that it may have its costs.

**DEFENDANT DEMANDS TRIAL BY JURY.**

## COUNT II – HENZE V. ERICHAFO

Defendant, Swift Transportation Co. of Arizona, LLC., makes no response to Count II given Count II is directed against Tamirat Erichafo.

## COUNT III – SHIELDS V. SWIFT TRANSPORTATION

1-9. Defendant, Swift Transportation Co. of Arizona, LLC, repeats and realleges the responses to Paragraphs 1-9 of the Common Allegations as and for its responses to Paragraph 1-9 of Count III as if the same were fully set forth herein.

10. Defendant admits the allegations contained in Paragraph 10.

11. Defendant, Swift Transportation, admits that it had a duty to exercise reasonable and ordinary care but denies any violation of said duty and further denies the remaining allegations of Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

(a) Defendant denies the allegations contained in Paragraph 12(a).

(b) Defendant denies the allegations contained in Paragraph 12(b).

(c) Defendant denies the allegations contained in Paragraph 12(c).

(d) Defendant denies the allegations contained in Paragraph 12(d).

(e) Defendant denies the allegations contained in Paragraph 12(e).

(f) Defendant denies the allegations contained in Paragraph 12(f).

(g) Defendant denies the allegations contained in Paragraph 12(g).

(h) Defendant denies the allegations contained in Paragraph 12(h).

(i) Defendant denies the allegations contained in Paragraph 12(i).

(j) Defendant denies the allegations contained in Paragraph 12(j).

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

WHEREFORE, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, prays that judgment be entered in its favor and against the Plaintiffs and that it may have its costs.

**DEFENDANT DEMANDS TRIAL BY JURY.**

**COUNT IV – SHIELDS V. ERICHAFO**

Defendant, Swift Transportation Co. of Arizona, LLC., makes no response to Count IV given Count IV is directed against Tamirat Erichafo.

**AFFIRMATIVE DEFENSE TO COUNT III**

NOW COME the Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, by its attorneys, MATTHEW S. HEFFLEFINGER and TYLER J. PRATT, of HEYL, ROYSTER,

VOELKER & ALLEN, and for its Affirmative Defense to the Plaintiffs' First Amended Complaint, states:

1. Plaintiffs, Kassandra Henze and Kaleb Shields, have filed a First Amended Complaint against this defendant alleging that negligence on the part of this defendant caused injuries to the plaintiffs.

2. Defendant denies these allegations and persist in those denials.

3. Plaintiff, Kaleb Shields, had a duty before and at the time of the occurrence to exercise reasonable and ordinary care and breached that duty and failed to exercise ordinary care for his safety, Kassandra Henze's safety and his failure to exercise due care and caution constitutes contributory negligence.

4. This defendant claims that plaintiff, Kaleb Shields, was contributorily negligent in one or more of the following respects:

   (a) Failed to keep a safe and proper lookout while proceeding south on Illinois Route 47 with an intention to turn left in front of a semi-tractor trailer approaching northbound;

   (b) Failed to stop before entering an intersecting roadway in violation of 625 ILCS 5/11-904(c);

   (c) Failed to decrease the speed of the pickup truck he was operating as he was approaching an intersection in violation of Section 11-601(a) of the Illinois Motor Vehicle Code (625 ILCS 5/11-601(a);

   (d) Drove his pickup truck at a speed that was greater than was reasonable and proper with regarding to roadway conditions and the presence of other vehicles in violation of Section 11-601(a) of the Illinois Motor Vehicle Code (625 ILCS 5/11-601(a);

   (e) Failed to slow the pickup truck he was operating to a reasonable speed for existing traffic conditions, including the presence of a semi-tractor trailer

approaching north on Illinois Route 47, in violation of Section 11-904(c) of the Illinois Motor Vehicle Code (625 ILCS 5/11-904(c).

5. Plaintiff, Kaleb Shields', contributory negligence was the proximate cause of plaintiffs' claimed damages and this defendant requests that the total amount of damage to which it would otherwise be entitled be reduced in proportion to the total amount and extent of Plaintiff, Kaleb Shields', comparative negligence. In the event that plaintiff, Kaleb Shields' conduct is deemed to be more than fifty percent (50%) of the total responsibility for this incident, plaintiffs' First Amended Complaint should be dismissed and any judgment for money damages should be declared for naught and judgment be entered in favor of this defendant.

WHEREFORE the Defendant, SWIFT TRANSPORTATION CO. OR ARIZONA, LLC., prays that judgment be entered in its favor on its Affirmative Defense and that it be awarded its costs of suit.

**DEFENDANT DEMANDS TRIAL BY JURY.**

SWIFT TRANSPORTATION
CO. OF ARIZONA, LLC, Defendant

BY: <u>/s/     Matthew S. Hefflefinger     </u>
Matthew S. Hefflefinger, ARDC # 6201281
Tyler J. Pratt, ARDC # 6302780
HEYL, ROYSTER, VOELKER & ALLEN

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2018, I electronically filed the foregoing Answer to Plaintiffs' First Amended Complaint with the Clerk of the Court using the CM/ECF system and have sent notification of such filing to the following attorneys for Plaintiff via email:

> Miranda L. Soucie, Esq.
> Spiros Law, P.C.
> 2807 N. Vermilion, Suite 3
> Danville, IL 61832
> 217.443.4343
> msoucie@spiroslaw.com

                                            /s/    Matthew S. Hefflefinger

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Boulevard
P.O. Box 6199
Peoria, IL 61601-6199
Telephone: 309.676.0400
Facsimile: 309.676.3374
Primary E-mail: peoecf@heylroyster.com
Secondary E-mail # 1: mhefflefinger@heylroyster.com
Secondary E-mail # 2: clsmith@heylroyster.com

*and*

HEYL, ROYSTER, VOELKER & ALLEN
301 N. Neil Street, Suite 505
P.O. Box 1190
Champaign, IL 60602
Telephone: 217.344.0600
Facsimile: 217.344.9295
Primary E-mail: urbecf@heylroyster.com
Secondary E-mail #1: tpratt@heylroyster.com
Secondary Email #2: asnyder@heylroyster.com

MSH/cls
34100655_1